1

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~ALL COUNSEL~
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

2

DATED: _August 17, 2011_

3

_Denise Vo_
DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

AUG 1 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12   PETER FUGAWA,                    )   Case No. CV 11-06414 JSL (AN)
                                      )
13            Petitioner,             )   **ORDER TO SHOW CAUSE RE**
                                      )   **DISMISSAL OF PETITION FOR**
14        v.                          )   **WRIT OF HABEAS CORPUS BY A**
                                      )   **PERSON IN STATE CUSTODY AS**
15   ROBERT TRIMBLE, Warden,          )   **TIME-BARRED**
                                      )
16            Respondent.             )
                                      )
17   _____ )

18                      **I. BACKGROUND**

19        Before the Court is a petition for writ of habeas corpus ("Petition") brought by

20   Peter Fugawa ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is

21   brought pursuant to 28 U.S.C. § 2254 and raises four claims directed at Petitioner's

22   December 6, 1996 conviction in the California Superior Court for Los Angeles County

23   (case no. KA031122) of first degree murder, with special allegation findings that he

24   committed the offense in association with a criminal street gang while personally

25   using a firearm. For the reasons set forth below, Petitioner is ordered to show cause

26   why his Petition should not be dismissed with prejudice because it is time-barred.

27   ///

28   ///

## II. DISCUSSION

**A.    Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.    Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///

///

///

1    The face of the Petition and relevant state court records[1] establish the following

2    relevant facts. Petitioner was convicted of the above offense on December 6, 1996,

3    and sentenced to a term of 31 years to life on December 17, 1996. On July 23, 1998,

4    the California Court of Appeal affirmed the conviction (case no. B108843). (Pet. at

5    2-3, Ex. P; state court records.) Petitioner did not file a petition for review of that

6    decision in the California Supreme Court. Thus, for purposes of AEDPA's limitations

7    period, his conviction became final on September 1, 1998, the fortieth day after the

8    California Court of Appeal affirmed the judgment. *See* CAL. CT. R. 8.366(b)(1);

9    8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Duncan*, 297 F.3d at

10   812-13. The statute of limitations then started to run the next day, September 2, 1998,

11   and ended a year later on September 1, 1999. 28 U.S.C. § 2244(d)(1)(A); *see also*

12   *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period

13   begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

14   Petitioner did not constructively file his pending Petition until August 1, 2011 -- 4,352

15   days (nearly 12 years) after the expiration of the limitations period.[2] Accordingly,

16   absent some basis for a significant amount of tolling or an alternative start date to the

17   limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

18

---

19   [1]   The Court takes judicial notice of Petitioner's records in the state appellate

20   courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov

21   ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002)

     (federal courts may take judicial notice of relevant state court records in federal habeas

22   proceedings).

23   [2]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition

24   is deemed to be filed on the date the prisoner delivers the petition to prison authorities

25   for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379

     (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule

26   3(d). The pending Petition was filed by the clerk on August 4, 2011. (Pet. at 1.)

27   However, for purposes of the timeliness analysis, the Court gives Petitioner the benefit

     of the doubt by assuming he constructively filed the Petition on August 1, 2011, the

28   date he signed his proof of service.

## C.    Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his first state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition and relevant state court records establish Petitioner filed two state habeas petitions. On July 23, 1999, he filed a habeas petition in the state court of appeal (case no. B133753), which was denied on July 29, 1999. (Pet. at 4; state court records.) Next, on August 27, 1999, he filed a habeas petition in the

1  California Supreme Court (case no. S081696), which was denied on December 21,
2  1999. (State court records.) Given 151 days of statutory tolling for the pendency of -
3  and interval between - those two petitions, the limitations period was extended from
4  September 1, 1999, to January 30, 2000. However, the pending Petition is still
5  untimely by 4,201 days (approximately 11½ years).

6        Additionally, Petitioner filed a prior federal habeas action, which has no bearing
7  on the Court's timeliness analysis.[3/] By the AEDPA's express terms, the limitations
8  period is only tolled during the pendency of "a properly filed application for *State*
9  post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added).
10  Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition
11  is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further,
12  the pending action cannot "relate back" to the prior action because that action was
13  dismissed in its entirety as unexhausted and is no longer pending (*see* CV 99-7659
14  JSL (AN), dkt. 5). *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he
15  relation back doctrine does not apply where the previous habeas petition was
16  dismissed because there is nothing to which the new petition could relate back."); *see*
17  *also Mayle v. Felix*, 545 U.S. 644, 662, 125 S. Ct. 2562 (2005) ("If claims asserted
18  after the one-year period could be revived simply because they relate to the same trial,
19  conviction, or sentence as a timely filed claim, AEDPA's limitation period would have
20  slim significance").

21        Despite receiving the only statutory tolling to which he is entitled, Petitioner's
22  pending Petition is still significantly untimely.

23  ///
24  ///
25  ///
26

27
28        [3/]   A federal court may take judicial notice of its own records in other cases.
       *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Page 5

**D.     Alternative Start of the Statute of Limitations**

**1.     State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). The pending Petition does not set forth any facts showing Petitioner is entitled to relief under this provision.

**2.     Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The pending Petition does not set forth any facts showing Petitioner is entitled to relief under this provision.

**3.     Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).The pending Petition does not set forth any facts showing Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

///

///

Page 6

1  **E.   Equitable Tolling**

2       The AEDPA's limitations period "is subject to equitable tolling in appropriate

3  cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However,

4  "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger

5  equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."

6  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292

7  F.3d 1063, 1066 (9th Cir. 2002)).

8       "[A] litigant seeking equitable tolling bears the burden of establishing two

9  elements: (1) that he has been pursuing his rights diligently, and (2) that some

10  extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408,

11  418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079

12  (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in

13  reasonably diligent efforts to file his § 2254 petition throughout the time the

14  limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir.

15  2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling

16  requires a showing that "the party seeking equitable tolling must have acted with

17  reasonable diligence throughout the period he seeks to toll" and "extraordinary

18  circumstances prevented him from filing his petition on time"). The petitioner must

19  also demonstrate that he exercised reasonable diligence in attempting to file his habeas

20  petition after the extraordinary circumstances began otherwise the "link of causation

21  between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*,

22  345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner

23  to "additionally show that the extraordinary circumstances were the cause of his

24  untimeliness, and that the extraordinary circumstances made it impossible to file a

25  petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted).

26  Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449

27  F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is

28  appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

2:11-cv-06414-JSL-JPR   Document 4   Filed 08/17/11   Page 8 of 9   Page ID #:254

1    Petitioner asserts in the pending Petition that his previously-retained attorney,
2    who apparently represented him on direct appeal and in the prior federal habeas action,
3    "kept [Petitioner's] transcripts for almost 14 years" and "just gave" them back. (Pet.
4    at 3, 7.) However, Petitioner has not alleged or shown that he made a timely request
5    for his transcripts or that he engaged in a diligent effort to obtain the transcripts from
6    his counsel. Petitioner has also failed to allege or show that he needed his trial
7    transcripts to file a timely habeas petition. *See Ford v. Pliler*, 590 F.3d 782, 790 (9th
8    Cir. 2009) ("regardless of when [petitioner's] attorney provided him his complete legal
9    files, his alleged inability to access them cannot be 'the cause of his untimeliness'
10   since he did not need the legal materials they contained to file a timely habeas
11   petition."); *see also Green v. Hornbreak*, 312 Fed. Appx. 915, 916 (9th Cir. 2009) (the
12   failure to provide "concrete examples of the kind of information [the petitioner] was
13   seeking - and ultimately obtained - from" transcripts and other documents in her legal
14   file constituted a failure to establish that an extraordinary circumstance prevented a
15   timely filing) (cited pursuant to Ninth Circuit Rule 36-3). Further, Petitioner has failed
16   to allege or show that, had he obtained his transcripts sooner, he would have filed a
17   timely federal habeas petition before the extended AEDPA deadline 11½ years ago.
18   *See Barrera v. Yates*, 388 Fed. Appx. 686, 688 (9th Cir. 2010) (no equitable tolling
19   where the petitioner failed to show "any temporal relationship between his missing the
20   AEDPA deadline and the loss of his transcripts.") (cited pursuant to Ninth Circuit
21   Rule 36-3).

22    The pending Petition does not establish Petitioner is entitled to equitable tolling.

23                                    **ORDER**

24    Based on the foregoing, the Court finds the Petition is untimely. Accordingly,
25   Petitioner shall have until **September 7, 2011**, to file a written response and show
26   cause why his Petition should not be dismissed with prejudice because it is time-
27   barred. In responding to this Order, Petitioner must show by declaration and any
28   exhibits what, if any, factual or legal basis he has for claiming the Court's analysis is

factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he may wish to consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: August  17, 2011

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE