I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-10-11

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 10 2011

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER FUGAWA,<br><br>             Petitioner,<br><br>     vs.<br><br>ROBERT TRIMBLE, Warden,<br><br>             Respondent. | Case No. CV 11-6414-JSL (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE AND DENYING PETITIONER'S PENDING MOTIONS |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the U.S. Magistrate Judge.

   Petitioner has filed objections to the Report and Recommendation, to which he has attached numerous exhibits, some of which were not previously part of the record.  Shortly before and since the Report and Recommendation was issued, he has also submitted numerous other pleadings.  Some of these, including an Application for Evidentiary Hearing, an Application to Expand the Record, an Application for Certificate of Appealability, a Request for Leave to Conduct Discovery, and a Request to Hold in Abeyance Habeas Corpus Pending the Exhaustion of State Remedies,

were filed by the Court. Others, including a Supplemental Writ and a First Amended Petition, were rejected because Petitioner did not seek leave of Court to file them. Still others were rejected because they duplicated some of the already-pending motions listed above.

Having made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made, and having considered all of the new pleadings and evidence Petitioner has submitted, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that:

1. Petitioner's request for an evidentiary hearing is denied. Petitioner's newly submitted evidence all relates to whether he can show equitable tolling for the 11-year period after the statute of limitations had run for filing a federal habeas petition, which Petitioner does not dispute was January 2000. Even if the Court accepts as true all of Petitioner's new evidence and his claims concerning what he would demonstrate in an evidentiary hearing - that his attorney cheated his parents out of fees, misleadingly told him that he could not file any further federal habeas petitions, held onto the transcripts of Petitioner's trial until Petitioner asked for them back in 2011 and lied by asserting that he had originally returned them to Petitioner in 1999, and tried to intimidate Petitioner's deputy-sheriff brother after Petitioner filed a malpractice lawsuit

against the lawyer[1] - he still cannot show any extraordinary circumstance preventing him from filing a federal habeas petition or that he was diligent in pursuing his rights during that 11-year period. See <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001) (refusing to apply equitable tolling because Petitioner was not diligent and because negligence of habeas counsel generally cannot equitably toll statute); <u>Culver v. Dir. of Corrs.</u>, 450 F. Supp. 2d 1137, 1142 (C.D. Cal. 2006) (same). Petitioner has not submitted any evidence that at any time between 2002 and 2011 he tried to get in touch with his former lawyer or anyone else concerning pursuing remedies in the Court. He has not even alleged that at any time between 2002 and 2011 he asked his former lawyer for his transcripts back and was refused.[2] Accordingly, an evidentiary hearing is not warranted. See <u>Porter v. Horel</u>, No. 09-15871, 2011 WL 5100908, at *1 (9th Cir. Oct. 27, 2011) (rejecting request for evidentiary hearing when no attorney misconduct alleged in record could have sufficiently tolled statute).

    2.    For the same reasons, Petitioner's Request for Leave to Conduct Discovery is denied. Even if the Court accepts as true all of Petitioner's claims concerning his counsel, he cannot demonstrate that he faced an extraordinary circumstance or that he was diligent.

---

[1] Of course, much of Petitioner's own evidence refutes these claims. See, e.g., OSC Resp. ex. 4 (telling Petitioner there are "several steps up the ladder" for federal habeas petitions).

[2] During this entire period Petitioner apparently had many or all of the files concerning his trial except the transcripts. (OSC Resp. at 3.)

3

3. Petitioner's Request to Expand the Record is denied as moot because all of the documents Petitioner seeks to include in the record are already part of it and have been considered by the Court. Attorney Gailen's July 27, 1998 letter to Petitioner was attached to Petitioner's Request for Leave to Conduct Discovery; Gailen's August 25, 1998 letter to Petitioner was attached to the discovery request; Gailen's May 5, 1999 letter to Petitioner was attached to the discovery request; Gailen's July 9, 1999 letter to Petitioner was attached to Petitioner's response to the Court's Order to Show Cause; Gailen's August 13, 1999 letter to Petitioner was attached to the OSC response; Gailen's November 3, 2000 letter to Petitioner's brother was attached to the OSC response; Gailen's November 26, 2000 letter to Petitioner was attached to the discovery request; Gailen's March 7, 2002 letter to Petitioner was attached to the OSC response; Gailen's May 5, 2011 letter to Petitioner was attached to the OSC response; and Gailen's May 31, 2011 letter to Petitioner was attached to the OSC response.

4. Petitioner's Request to Hold in Abeyance Habeas Corpus Petition Pending the Exhaustion of State Remedies is denied for two reasons. First, the currently pending Petition appears to contain no unexhausted claims. Second, as the Court finds herein, the statute of limitations long ago ran on any claim Petitioner might raise.

5. Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 11/9/11

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE